UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

DEANDRE R. MCCOLLUM,

       Plaintiff,     Case No. 2:21-cv-00316

   v.

EDWARD A. DREWITZ
and RACINE COUNTY,

       Defendants.

---

## COMPLAINT

---

NOW COMES Plaintiff Deandre R. McCollum, by his attorneys, the law firm of GINGRAS THOMSEN & WACHS LLP, by Attorney William F. Sulton, and files this complaint against Defendants Edward A. Drewitz, a Racine County deputy sheriff, and Racine County.

### I. Introduction

1. This action is brought to redress Racine County Deputy Sheriff Edward A. Drewitz's flagrant and purposeful excessive force against Plaintiff Deandre R. McCollum on August 13, 2018.

2. On August 13, 2018, at 10:46 a.m., Deputy Drewitz was on patrol with his patrol service dog in the City and County of Racine. Deputy Drewitz saw Mr. McCollum sitting in the driver's seat of his car with tinted windows. Deputy

Drewitz believed Mr. McCollum's car windows were too tinted and attempted to stop Mr. McCollum for that reason. Mr. McCollum drove away, and Deputy Drewitz gave chase.

3. Mr. McCollum's car collided with another car and was disabled. Mr. McCollum attempted to run away on foot. Deputy Drewitz commanded his patrol dog to go after Mr. McCollum. Deputy Drewitz's dog stopped Mr. McCollum by biting Mr. McCollum in his right leg, causing Mr. McCollum to fall to the ground and scream out in pain. Mr. McCollum immediately gave himself up and stopped. Despite the fact that Mr. McCollum had surrendered and was not resisting, Deputy Drewitz refused to intervene to stop his dog from viciously biting Mr. McCollum's legs numerous times. Rather than intervening to protect Mr. McCollum from further pain and injury, Deputy Drewitz took out his taser and shot Mr. McCollum in the chest causing more pain and injury to Mr. McCollum. Even after Deputy Drewitz had handcuffed Mr. McCollum, Deputy Drewitz continued to tase Mr. McCollum and released his patrol dog to brutally bite Mr. McCollum in his left shoulder and right arm. As shown below, Mr. McCollum suffered significant pain and injury.



## II. Parties

### A.    Plaintiff

4.    Plaintiff Deandre R. McCollum ("Mr. McCollum") is an African-American man who currently resides and is domiciled in the Eastern District of Wisconsin.

### B.    Defendants

5.    Defendant Edward A. Drewitz ("Deputy Drewitz") is a white deputy sheriff for Racine County Wisconsin, which is located in the Eastern District of Wisconsin.  At all times relevant to the claims in this complaint, Deputy Drewitz was acting under color of law and within the scope of his employment as a deputy sheriff for Racine County.  Deputy Drewitz is being sued in his individual capacity.

6.    Defendant Racine County ("Racine County") with offices of its executive at 730 Wisconsin Avenue, Racine, Wisconsin 53403, is and was at all times material hereto, a municipal corporation organized under the laws of the State of Wisconsin.  Racine County, through its Executive and County Supervisors, established, operated, and maintained the Racine County Sheriff's Office ("RCSO") at all times material hereto.  Racine County is responsible for creating and implementing constitutional policies and practices; then training and supervising its officers consistent with said policies; disciplining sheriff's deputies for violating said policies to ensure that the deputies' conduct conforms with constitutional practices: thus ensuring that the treatment of all people by Racine County law enforcement complies with the United States Constitution and

other federal, state, and local laws. Pursuant to Wis. Stat. § 895.46, Racine County is obligated to indemnify all defendants in this action.

### III. Jurisdiction and Venue

7.     This Court has jurisdiction over Plaintiff's claims and the Parties pursuant to 28 U.S.C. § 1331 and § 1343(a)(1), (3), and (4).

8.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

### IV. Facts

**A.     Background**

9.     On August 13, 2018, at 10:46 a.m., Deputy Drewitz was on patrol with his patrol service dog in the City and County of Racine.

10.     Deputy Drewitz saw Mr. McCollum sitting in the driver's seat of his car with tinted windows.

11.     Deputy Drewitz believed Mr. McCollum's car windows were too tinted.

12.     Deputy Drewitz decided to stop Mr. McCollum on the grounds that his car windows were too tinted.

13.     Mr. McCollum drove away from Deputy Drewitz.

14.     Deputy Drewitz pursued Mr. McCollum.

15.     Mr. McCollum's car collided with another car and was disabled.

16.     Mr. McCollum exited his disabled car and ran away on foot.

17. Deputy Drewitz stopped and commanded his patrol dog to go after Mr. McCollum.

18. As shown on Deputy Drewitz's body camera footage[1] and below, Deputy Drewitz's patrol dog stopped Mr. McCollum by biting Mr. McCollum's right leg.



19. As a result of the excruciating physical pain caused by the patrol dog's biting, Mr. McCollum fell to the ground and screamed out in pain.

20. Mr. McCollum was stopped and immediately gave himself up.

**B. First Violation**

21. As Deputy Drewitz approached, Mr. McCollum begged Deputy Drewitz to stop his patrol dog from biting.

---

[1] Plaintiff incorporates the video footage in the following link, which is a portion of Deputy Drewitz's body camera footage:
https://www.dropbox.com/s/qy0hpevqt6puxut/edward%20drewitz%20body%20cam.mp4?dl=0.

22.     Mr. McCollum described the pain to Deputy Drewitz as feeling like his leg was breaking.

23.     Deputy Drewitz failed and refused to stop his patrol dog from continuing to bite Mr. McCollum's legs, even though Mr. McCollum had surrendered and was not resisting.

24.     At the time that Deputy Drewitz refused to call off his patrol dog to prevent further pain and injury to Mr. McCollum, the law was clearly established that Deputy Drewitz's actions were excessive and unreasonable under the Fourth Amendment to the U.S. Constitution.

C.     **Second Violation**

25.     As shown in Deputy Drewitz's body camera footage and below, Deputy Drewitz took out his taser and shot Mr. McCollum in the chest, causing further pain and injury to Mr. McCollum.



26.     At the time that Deputy Drewitz refused to call off his patrol dog and shot Mr. McCollum in the chest, the law was clearly established that Deputy

Drewitz's actions were excessive and unreasonable under the Fourth Amendment to the U.S. Constitution.

**D.    Third Violation**

27.    Deputy Drewitz handcuffed Mr. McCollum behind his back.

28.    Mr. McCollum was not resisting.

29.    As shown in Deputy Drewitz's body camera footage and below, after Mr. McCollum was handcuffed, Deputy Drewitz release his patrol dog to viciously bite Mr. McCollum on his left shoulder.



30.    At the time that Deputy Drewitz released his patrol dog to bite Mr. McCollum on his left shoulder while he was handcuffed behind his back, the law was clearly established that Deputy Drewitz's actions were excessive and unreasonable under the Fourth Amendment to the U.S. Constitution.

**E.    Fourth Violation**

31.    Mr. McCollum was handcuffed behind his back and was not resisting.

32.     As shown in Deputy Drewitz's body camera footage and below, after Mr. McCollum was handcuffed and face down on the ground, Deputy Drewitz continued to tase Mr. McCollum and released his patrol dog to brutally bite Mr. McCollum on his right arm.



33.     At the time that Deputy Drewitz continued to tase Mr. McCollum and released his patrol dog to bite Mr. McCollum on his right arm while he was handcuffed behind his back and face down on the ground, the law was clearly established that Deputy Drewitz's actions were excessive and unreasonable under the Fourth Amendment to the U.S. Constitution.

### V.  Claims for Relief

34.     Mr. McCollum incorporates here all other paragraphs in this complaint.

35.     Deputy Drewitz acted contrary to 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution by failing and refusing to intervene to stop

the patrol dog from causing excessive and unreasonable pain and injury to Mr. McCollum after Mr. McCollum had surrendered and was not resisting.

36.     Deputy Drewitz acted contrary to 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution when Deputy Drewitz took out his taser and shot Mr. McCollum in the chest causing excessive and unreasonable pain and injury after Mr. McCollum had surrendered and was not resisting.

37.     Deputy Drewitz acted contrary to 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution when Deputy Drewitz released his patrol dog to bite Mr. McCollum in his left shoulder causing excessive and unreasonable pain and injury after Mr. McCollum was handcuffed and not resisting.

38.     Deputy Drewitz acted contrary to 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution when Deputy Drewitz continued to tase Mr. McCollum after Mr. McCollum was handcuffed and not resisting.

39.      Deputy Drewitz acted contrary to 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution when Deputy Drewitz released his patrol dog to bite Mr. McCollum on the right arm causing excessive and unreasonable pain and injury after McCollum was handcuffed and not resisting.

40.     Deputy Drewitz's clearly unlawful conduct caused Mr. McCollum physical pain, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, and resulted in permanent scarring and nerve pain.

## VI. Requested Relief

41.    Mr. McCollum respectfully requests that the U.S. District Court for the Eastern District of Wisconsin enter judgment for him on each claim and award the following relief:

    a.   A declaration that Deputy Drewitz acted contrary to 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution when he failed to stop his patrol dog from biting Mr. McCollum, when Deputy Drewitz shot Mr. McCollum in the chest with a taser, when Deputy Drewitz caused his patrol dog to bite Mr. McCollum after he was handcuffed and face down on the ground, and when Deputy Drewitz continued to tase Mr. McCollum even though Mr. McCollum had surrendered, was not resisting, was handcuffed behind his back, and face down on the ground.

    b.   An order awarding damages for physical pain and suffering in an amount to be determined by a jury.

    c.   An order awarding damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other losses in an amount to be determined by a jury.

    d.   An order awarding punitive damages in an amount to be determined by a jury.

e. An order awarding of attorneys' fees, experts' fees, and other costs pursuant to 42 U.S.C. § 1988 in an amount to be determined by the Court.

f. An order for further necessary and proper relief as determined by the Court.

## VII. Jury Demand

42. Mr. McCollum hereby demands a trial by a jury on all issue of fact and damages stated herein.

Dated at the law office of GINGRAS THOMSEN & WACHS LLP in Milwaukee, Wisconsin, on this 11th day of March, 2021.

/s/ William F. Sulton
WILLIAM F. SULTON
State Bar No. 1070600

GINGRAS THOMSEN & WACHS LLP
219 N Milwaukee St Ste 520
Milwaukee, WI 53202
414-935-5490 (direct)
414-778-0700 (main)
wsulton@gtwlawyers.com

*Attorneys for Plaintiff,*
*Deandre R. McCollum*